IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL PARKER,

                                          OPINION AND ORDER

                 Plaintiff,

                                          21-cv-603-bbc

     v.

AUDRA ROBERTS and EDWARD
ANDRUCZYK,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil rights suit brought under 42 U.S.C. § 1983, plaintiff Paul Parker contends that Audra Roberts, a nurse at the Mendota Mental Health Institute, sexually harassed him and abused him on the basis of his gender while he was committed involuntarily at Mendota in late 2018 and early 2019, and that her supervisor, Edward Andruczyk, either consented to or was deliberately indifferent to the abuse, in violation of plaintiff's rights under the equal protection clause. Dkt. #1. Plaintiff filed an amended complaint on November 24, 2021. Dkt. #9. Now before the court is defendant Andruczyk's motion to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted against him. Dkt. #13. For the reasons stated below, I will deny defendant's motion.

      I find that the amended complaint fairly alleges the following facts:

ALLEGATIONS OF THE AMENDED COMPLAINT

1

Beginning in 2016, plaintiff Paul Parker was involuntarily committed to the Mendota Mental Health Institute.  In December 2018, defendant Audra Roberts, a nurse at the facility, began to sexually harass and "abuse" Parker, by sending him love letters, telling him that she was in love with him, giving him nude or partially nude photos of herself, providing him with her phone number and engaging in sexual contact with him.  At some point, Parker's aunt, Janette Ellifritz, became aware of what was going on between Parker and Roberts.  In 2019, she learned that Parker had been placed in segregation status, which she perceived was punishment for Roberts' sexual advances and conduct.  Ellifritz complained to a grievance officer at MMHI about Roberts' behavior towards Parker and the unfairness of punishing Parker for that behavior, but no action was taken.  Roberts' inappropriate behavior towards Parker continued for many more weeks, until May 2019, when Roberts' employment with MMHI ended.

In early 2019, Roberts' supervisor, defendant Edward Andruczyk, became aware that Roberts was engaging in inappropriate behavior with Parker.  Specifically, he learned that Roberts was telling Parker that she was in love with him, was engaging in sexual contact with him, and was arranging to have secret, sexually-charged conversations with him over the phone.  However, Andruczyk did nothing to stop Roberts' behavior.  Alternatively, Andruczyk learned that Roberts was having inappropriate contact with Parker "in general," but he did not perform a meaningful investigation in order to discover what he suspected was true:  that Roberts was involved romantically and sexually with Parker.

In his amended complaint, plaintiff brings claims against both Roberts and Andruczyk

2

for discriminating against him on the basis of his sex, in violation of his rights under the Fourteenth Amendment.

OPINION

Sexual harassment by a state employee is an actionable form of sex discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. Valentine v. City of Chicago, 452 F.3d 670, 826 (7th Cir. 2006) ("Victims of sexual harassment by a state employer or employee can seek redress under § 1983 of the Civil Rights Act, 42 U.S.C. § 1983."). However, for constitutional violations under § 1983, "a government official 'is only liable for his or her own misconduct.'" Locke v. Haessig, 788 F.3d 662, 669 (7th Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)). There is no such thing as respondeat superior liability for government officials under § 1983. Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988). Thus, "a plaintiff must allege *direct* liability to maintain an individual claim" against a supervisor under § 1983; mere inaction in response to complaints of harassment is not enough. Taylor v. Ways, 999 F.3d 478, 493–94 n. 7 (7th Cir. 2021) (emphasis in original). To be personally involved, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." Id. at 494 (quoting Matthews v. City of East St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)). For example, a supervisor may violate the plaintiff's right to equal protection by retaliating against a plaintiff for complaining about a supervisee's sexual harassment, Hughes v. Farris, 809 F.3d 330, 334 (7th Cir. 2015), or by "consciously choosing not to

3

protect" the plaintiff.  Valentine v. City of Chicago, 452 F.3d 670, 782 (7th Cir. 2006).

Defendant Andruczyk argues that plaintiff's complaint against him must be dismissed because it alleges only that Andruczyk "did nothing" and failed to investigate the alleged abuse by Roberts.  I agree that plaintiff's allegations are fairly conclusory and slim on facts. Nevertheless, I am satisfied that his allegations are sufficient to allow him to proceed on his discrimination claim.  Notably, plaintiff alleges that Andrucyzk "essentially consented" to Roberts' abuse by allowing it to continue for many months after he learned about it.  It is plain that plaintiff has named Andruczyk not merely because he was Roberts' supervisor or was negligent, but because plaintiff believes he was personally involved in allowing the harassment to continue.  For purposes of notice pleading, this is enough.  Defendant may raise his arguments about the sufficiency of plaintiff's claims at a later stage on a more developed record.

Because plaintiff has alleged sufficient facts to raise a plausible claim that defendant Andrucyzk violated his right to equal protection, I see no need to consider plaintiff's alternative argument that he states a viable claim under the substantive due process clause, as the underlying facts are the same.  The parties may flesh out the details of plaintiff's legal theories on summary judgment.

ORDER

IT IS ORDERED that defendant Edward Andruczyk's motion to dismiss, dkt. #13, is DENIED.

Entered this 18th day of March, 2022.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge